WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Bernal, | No. CV-20-08040-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Tammy Bernal's Applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 22). Defendant SSA filed an Answering Brief (Doc. 26), and Plaintiff filed a Reply (Doc. 27). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 19), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 13-22) for the reasons addressed herein.

**I.     Background**

Plaintiff filed Applications for SSDI and SSI benefits on August 4, 2016, alleging an onset of disability date of August 1, 2015. (AR 13). Plaintiff's claims were initially denied on November 8, 2016, and upon reconsideration on August 4, 2017. (*Id.*) A hearing was held before ALJ Guy E. Fletcher on March 14, 2019. (*Id.* at 28-53). Plaintiff was 51 years old at the time of the hearing and held relevant previous employment as a

telemarketer and telemarketer supervisor. (*Id.*) Plaintiff's Applications were denied in a decision by the ALJ on April 10, 2019. (*Id.* at 22). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of chronic obstructive pulmonary disease ("COPD"), peripheral neuropathy, and obesity. (AR 15). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work and thus was not disabled. (*Id.* at 18-22).

The sole issue Plaintiff raises on appeal is whether the ALJ erred in failing to give clear and convincing reasons to discount her subjective symptom testimony. (Doc. 20). The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 26). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.     Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III.  Analysis

The sole issue Plaintiff raises on appeal is the ALJ's discussion of her symptom testimony. Plaintiff argues that the ALJ did not provide clear and convincing reasons to discount her subjective symptom testimony. (Doc. 20). Specifically, Plaintiff argues that the ALJ "did not provide one legitimate reason" to discount her testimony, and therefore, that the Court should remand this matter for an award of benefits. (Doc. 20 at 10). The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of her symptoms. (Doc. 26).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)

(quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). In evaluating a claimant's pain testimony after a claimant produces objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). The ALJ may also consider "'whether the claimant engages in daily activities inconsistent with the alleged symptoms.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment," *Id.* at 1113, or where they suggest that "later claims about the severity of [the] limitations were exaggerated," *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff testified that she had sharp and constant stabbing pain in her feet that made it difficult to walk more than twenty feet. (AR 33). Plaintiff stated that she lays down two to three times per day to alleviate pain and swelling in her feet. (*Id.* at 37). Plaintiff testified that she took medication to alleviate symptoms, but that the medication caused dizziness and difficulty with balance. (*Id.* at 35, 41). Moreover, Plaintiff testified that she wore special shoes that alleviated some pain. (*Id.* at 33). Plaintiff argues that these impairments prevent her from performing any work.

Plaintiff argues that the ALJ discounted her symptoms without providing a legal basis for doing so. She argues that the ALJ did not provide any link between medical evidence and his findings, "leaving this Court to guess at which findings are the basis of rejecting the symptom testimony." (Doc. 20 at 8). The Court does not agree.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that her statements

concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including her own statements and testimony regarding activities of daily living. (AR 19).

To support this finding, the ALJ cited to a number of specific medical records. As an initial matter, the ALJ recognized that the record contained evidence of Plaintiff's COPD, peripheral neuropathy, and obesity. (*Id.*) However, the ALJ found that the record showed mostly normal physical examinations and symptom management. For instance, the ALJ cited numerous records related to Plaintiff's COPD, including references to the condition being "mild," with normal levels of oxygen saturation, and no evidence of cardiopulmonary disease. (AR 19; citing 294, 338-39, 363-64, 392). While Plaintiff occasionally appeared with shortness of breath, physician notes indicate that this was consistent with her heavy tobacco usage since she was 12 years old. (*Id.* at 329; 354, 363, 372, 378, 391). The ALJ discussed that at other visits, she presented with normal breathing, no wheezing, and normal lung function. (*Id.* at 294, 330, 354, 378). Therefore, the ALJ concluded that Plaintiff's COPD symptoms were less severe than alleged. In doing so, he cited to many specific examples from the medical record, including to records that confirmed that Plaintiff was experiencing some symptoms from this impairment.

As to Plaintiff's neuropathy, Plaintiff argues in her Opening Brief that this condition is "the most severe and limiting" of her impairments. (Doc. 20 at 8). She argues that the ALJ did not give adequate reasons to discount her symptoms. Here, the ALJ discussed records showing that Plaintiff consistently exhibited normal vibratory sensations and position sense. (AR 294, 331). The ALJ also discussed numerous records which showed largely normal physical examinations, including ordinary motor function in the lower and upper extremities and no limitations in the ability to stand, balance while walking, or using upper extremities. (AR 294, 331, 354, 359, 364, 372, 378, 400). The ALJ concluded that these findings in the medical record were not consistent with the symptoms alleged.

Plaintiff also argues that it was improper for the ALJ to comment on the fact that her physicians did not order additional testing or suggest more aggressive treatment for her

neuropathy. (Doc. 20 at 8). Plaintiff posits that her poor medical care and location in a rural community is to blame for a lack of additional treatment. (*Id.*) Contrary to Plaintiff's arguments here, the ALJ can properly consider the types of treatment a claimant is receiving to determine whether her symptom testimony is credible. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment.") (internal quotations and citation omitted). An ALJ is also free to consider the amount of treatment a claimant receives for an impairment in determining the nature and severity of the impairment, as well as medication and any other measures used. 20 C.F.R. §§ 404.1529(c)(3)(iv)–404.1529(c)(3)(vi). The Court finds no error here.

Lastly, Plaintiff argues that the ALJ did not cite to medical records that conflicted with Plaintiff's symptom testimony. Plaintiff argues that the opinions of Dr. Bendheim, a consultive examiner, found that Plaintiff had difficulty toe walking, was unable to do a full squat, and had stocking distribution decrease to light touch and temperature. (AR 331). She argues this opinion supports her symptom testimony. However, the ALJ gave only partial weight to this opinion and did not adopt its opined limitations. As Plaintiff does not argue that the ALJ erred in the consideration of Dr. Bendheim's opinion, the Court will not consider this argument. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").

Lastly, the ALJ considered Plaintiff's testimony that she stopped working not because of her medical impairments, but rather because she was laid off. (AR 20). The ALJ's statement that this suggests a non-medical reason for applying for benefits, while on its own may be problematic, is not error here. For starters, the ALJ gave multiple legitimate reasons based on substantial evidence in the record to reach his conclusion as to Plaintiff's symptom testimony. Importantly, Plaintiff herself admitted that she left her work because she was laid off as a result of the business closing. (*Id.*) It was not improper for the ALJ to discuss Plaintiff's own testimony on the subject.

The ALJ properly and thoroughly concluded that the examinations in the medical record did not support Plaintiff's claims of disabling limitations, and therefore, properly found that her subjective symptom testimony was not persuasive. While Plaintiff may see this evidence in a different light, the Court cannot second-guess the findings of the ALJ when there is no error in the discussion of the symptom testimony. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89.

## IV. Conclusion

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 8th day of February, 2022.

Honorable Susan M. Brnovich
United States District Judge